RECEIVED

OCT · 2005

·····················CLERK

PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

| DOCKET NUMBER *(Tran. Court)* |
| 1:04CR00515-001 |

| DOCKET NUMBER *(Rec. Court)* |
| 2:05cr207  JDH |

NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:

ACHEAMPONG, Robert K.
3145 Shasta Dr.
Columbus, Ohio

I hereby certify that this instrument is a true and
correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: _____
Deputy Clerk

| DISTRICT | DIVISION |
| NORTHERN DISTRICT OF OHIO | Eastern |

NOV - 2  AM 10: 37

| NAME OF SENTENCING JUDGE |
| David D. Dowd, Jr. |

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM 01/27/2005 | TO 01/26/2008 |

OFFENSE

18 U.S.C. 641- Public Money, Property or Records

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON
2005 OCT 31  AM 9: 26
FILED

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE <u>NORTHERN DISTRICT OF OHIO</u>

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District of Ohio upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_8/31/05_____          _____
*Date*                      *United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE <u>SOUTHEN DISTRICT OF OHIO</u>

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

10-19-05_____          _____
*Effective Date*            *United States District Judge*

05 NOV -2 4:10: 37

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

**1:04CRO515**

**JUDGE DOWD**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE |
| ) | |
| ROBERT K. ACHEAMPONG, ) | I N D I C T M E N T |
| ) | Violations: Title 18, |
| Defendant. ) | United States Code, |
| ) | Sections 641, 1001, 1343. |

The Grand Jury charges:

## COUNT 1

(Theft of Public Money)

1.      Between on or about June 1, 2001, and on or about April 8, 2002, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant herein, ROBERT K. ACHEAMPONG, did embezzle, steal, purloin, and knowingly convert to his use and the use of others, money and things of value of the United States and a department and agency thereof, namely, funds of the Internal Revenue Service.

2.      It was a part of this scheme that, between on or about June 1, 2001, and August 14, 2001, ROBERT K. ACHEAMPONG

-2-

requested and obtained approximately $1,850 from Go Community Development Corporation, a non-profit organization in Ashtabula, Ohio, for the purpose of finding and obtaining a federal grant for Go Community Development Corporation.

3.      It was further a part of this scheme that on or about August 14, 2001, ROBERT K. ACHEAMPONG, falsely represented himself to the Internal Revenue Service as the finance director of Go Community Development, Inc., and applied to the Internal Revenue Service for a grant under the Tax Counseling for the Elderly Program for the fiscal year 2002.  ROBERT K. ACHEAMPONG represented to the Internal Revenue Service that Go Community Development, Inc. would operate five Tax Counseling for the Elderly sites in Ashtabula and Cuyahoga Counties, Ohio, and that Go Community would have approximately twenty to twenty-five volunteers to assist the elderly in preparing income tax returns.

4.      It was further a part of this scheme that, on or about December 13, 2001, ROBERT K. ACHEAMPONG opened Charter One Bank account number 013-0023834 in the name of Go Community Development Corporation.  ROBERT K. ACHEAMPONG falsely represented himself to Charter One Bank as the president of Go Community Development Corporation.  ROBERT K. ACHEAMPONG listed himself as the only individual authorized to make withdrawals from account number 013-0023834.  ROBERT K. ACHEAMPONG falsely represented to Charter One Bank that Go Community Development Corporation was located in Euclid, Ohio, when in fact Go Community Development Corporation conducted business only in

-3-

Ashtabula, Ohio.

5.      It was further a part of this scheme that ROBERT K. ACHEAMPONG falsely represented to the Internal Revenue Service that certain persons were tax preparers for Go Community Development Corporation.

6.      It was further a part of this scheme that ROBERT K. ACHEAMPONG falsely represented to the Internal Revenue Service that he and volunteers at Go Community Development Corporation had prepared approximately 254 income tax returns under the Tax Counseling for the Elderly Program between January 20, 2002, and April 13, 2002.

7.      It was further a part of this scheme that ROBERT K. ACHEAMPONG falsely represented to the Internal Revenue Service that he and volunteers at Go Community Development Corporation had electronically filed approximately 23 income tax returns under the Tax Counseling for the Elderly Program between January 20, 2002 and April 13, 2002, when in fact they had not electronically filed the said tax returns.

8.      It was further a part of this scheme that ROBERT K. ACHEAMPONG submitted expense reports to the Internal Revenue Service, falsely representing that Go Community Development Corporation's Tax Counseling for the Elderly Program had approximately twenty volunteers, five volunteer instructors, and two volunteer site coordinators.  ROBERT K. ACHEAMPONG falsely represented to the Internal Revenue Service that he had reimbursed these volunteers for their purported expenses.  ROBERT

-4-

K. ACHEAMPONG falsely represented to the Internal Revenue Service that Go Community Development Corporation had assisted a total of approximately 994 taxpayers at four assistance sites and five telephone sites for the 2001 tax year.

9.     It was further a part of this scheme that ROBERT K. ACHEAMPONG failed to complete and file certain required documents with the Internal Revenue Service under the terms of the Tax Counseling for the Elderly Program.

10.     It was further a part of this scheme that ROBERT K. ACHEAMPONG, using a computer in interstate commerce, submitted requests to the United States Department of Health and Human Services for disbursement of Internal Revenue Service grant funds from the Tax Counseling for the Elderly Program.

11.     It was further a part of this scheme that ROBERT K. ACHEAMPONG caused the United States Department of Health and Human Services to electronically deposit funds, via interstate transactions, from the Internal Revenue Service Tax Counseling for the Elderly Program into ROBERT K. ACHEAMPONG's bank account. The total amount of money ROBERT K. ACHEAMPONG obtained from the Internal Revenue Service under this scheme was approximately $16,825.

12.     It was further a part of this scheme that ROBERT K. ACHEAMPONG failed to comply with a direction from the Internal Revenue Service to return the $16,825 in grant funds to the Internal Revenue Service on or before December 31, 2002.

-5-

All in violation of Title 18, United States Code, Section 641.

The Grand Jury further charges:

### COUNT 2

#### (False Statements)

1.      The Grand Jury realleges, as if fully set forth herein, all of the allegations of Count 1 of the Indictment, except for the allegations contained in paragraph 1 thereof.

2.      On or about August 14, 2001, in the Northern District of Ohio, Eastern Division, the defendant, ROBERT K. ACHEAMPONG, in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, an application for federal assistance under the Tax Counseling for the Elderly Program of the Internal Revenue Service, did falsify, conceal, and cover up by trick, scheme, and device certain material facts, and did make materially false, fictitious, and fraudulent statements and representations, and did make and use false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, to-wit:

a.   ROBERT K. ACHEAMPONG falsely represented that he was the finance director and a board member of Go Community Development Inc.;

b.   ROBERT K. ACHEAMPONG falsely represented that Go Community Development Inc. was located in Euclid, Ohio;

c.   ROBERT K. ACHEAMPONG falsely stated that Go Community Development Inc. would provide tax counseling for elderly

-6-

taxpayers;

d.   ROBERT K. ACHEAMPONG falsely stated that Go Community Development Inc. had twenty volunteer tax assistors, three volunteer instructors, and two volunteer coordinators and administrators; and

e.   ROBERT K. ACHEAMPONG falsely stated that Go Community Development Inc. had four tax preparation sites, two telephone answering sites with ten telephone lines, and expected to assist 3,100 elderly taxpayers.

All in violation of Title 18, United States Code, Section 1001.

The Grand Jury further charges:

## COUNT 3

### (Wire Fraud)

1.   The Grand Jury realleges, as if fully set forth herein, all of the allegations of Count 1 of the Indictment, except for the allegations contained in paragraph 1 thereof.

2.   From on or about August 14, 2001, through on or about April 8, 2002, the exact dates being unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant herein, ROBERT K. ACHEAMPONG, having devised and intending to devise a scheme and artifice to defraud, and for the purpose of obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals,

-7-

pictures, and sounds for the purpose of executing such scheme and artifice. These wire communications included electronic funds transfers, in approximately the following amounts, on or about the following dates, further described as:

| Subpar. | Date | Type of Transmission | From | To | Amount |
|---------|------|----------------------|------|-----|--------|
| (a) | 1/23/2002 | Electronic Funds Transfer | Richmond Virginia | Cleveland Ohio | $4,530 |
| (b) | 2/06/2002 | Electronic Funds Transfer | Richmond Virginia | Cleveland Ohio | $4,200 |
| (c) | 2/28/2002 | Electronic Funds Transfer | Richmond Virginia | Cleveland Ohio | $4,025 |
| (d) | 3/19/2002 | Electronic Funds Transfer | Richmond Virginia | Cleveland Ohio | $1,325 |
| (e) | 3/22/2002 | Electronic Funds Transfer | Richmond Virginia | Cleveland Ohio | $820 |
| (f) | 4/08/2002 | Electronic Funds Transfer | Richmond Virginia | Cleveland Ohio | $1,925 |

All in violation of Title 18, United States Code, Section 1343.

A TRUE BILL.

FOREPERSON

GREGORY A. WHITE
UNITED STATES ATTORNEY

Rev. 7/03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

CRIMINAL DESIGNATION FORM (To be completed by the U.S. Attorney)

**1:04CR0515**

**JUDGE DOWD**

| CRIMINAL CATEGORY: | 1. [X] General Criminal (Felony) |
| | 2. [ ] All Misdemeanor, Minor, and Petty Offenses. |

**OFFENSE(S) CHARGED:**

| Title and Section: | Title 18, U.S.C., §641 (Count 1) |
| | Title 18, U.S.C., §1001 (Count 2) |
| | Title 18, U.S.C. §1343 (Count 3) |
| Description of Offense: | Theft of Public Money (Count 1) |
| | False Statements (Count 2) |
| | Wire Fraud (Count 3) |
| Statutory Penalty: | 10 yrs/$250,000 fine/3 yrs SR/$100 SA (Count 1) |
| | 5 yrs/$250,000 fine/3 yrs SR/$100 SA (Count 2) |
| | 20 yrs/$250,000 fine/5 yrs SR/$100 SA (Count 3) |

THE UNITED STATES ATTORNEY CERTIFIES:

1. This **superseding indictment or superseding information** supersedes and supplants the entire indictment or information filed in Case No. _____ presently pending before Judge _____.
**(THE SUPERSEDING INDICTMENT OR SUPERSEDING INFORMATION IS TO BE ASSIGNED TO THE SAME JUDGE.)**

____ Check if applicable.  Only the following defendant(s) need to be ARRAIGNED as an "initial appearance" pursuant to FRCRP 43(a)(1): _____

2. This **supplemental information** adds a count or counts for a defendant (or defendants) in an indictment or information filed in Case No. _____ presently pending before Judge _____ and, therefore, should be directly assigned to said Judge, pursuant to LCrR57.9.
**(THE SUPPLEMENTAL INFORMATION IS TO BE ASSIGNED TO THE SAME JUDGE.)**

3. This is a **related case** in that:

____ a. This Indictment is returned against a defendant(s) who is pending trial or sentencing, or is on probation or supervised release to Judge_____, in Case No. _____ and this new case involves only the said defendant(s): OR

____ b. This criminal prosecution arises out of the same criminal transaction or series of criminal transactions as are charged in Case No. _____ pending before Judge _____.
**(THIS RELATED CASE IS TO BE FILED BY RANDOM DRAW, AFTER WHICH REASSIGNMENT PURSUANT TO LCrR57.9 MAY BE SOUGHT.)**

**PREVIOUSLY FILED CRIMINAL CAUSE, IF ANY (INCLUDING COMPLAINTS)**

Docket No. _____ Judge _____ Magistrate Judge _____

COUNTY THAT CONTROLS AS TO THE LOCATION OF COURT WHERE THIS CASE IS BEING FILED:  Cuyahoga County

(check one)
____ 1. DEFENDANT'S RESIDENCE
_X_ 2. SITUS OF ALLEGED CRIME
____ 3. OTHER

hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest:  Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: _____
Deputy Clerk

NAME AND ADDRESS OF DEFENDANT(S) AND DEFENSE ATTORNEY(S): (Please include Zip Code and Telephone No.)

Defendant(s):

Robert K. Acheampong
3761 Emery Club Way
Columbus OH  43219-3162
Phone:  (614) 418-5809

DATE:  __10/14/04__

Attorney(s):

Gordon E. Schmid
Freedom Square 2, Suite 380
6000 Freedom Square Dr.
Independence OH  44131
(216) 573-1800
(216) 642-5814 (fax)

_Thomas J. Gruscinski_

Thomas J. Gruscinski
Assistant United States Attorney
Telephone:  (216) 622-3914

2

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

FILED

NORTHERN _____    District of _____    OHIO

05 MAR -9 AM 10:33

JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA
### V.
Robert K. Acheampong

| | |
|---|---|
| Case Number: | 1:04CR00515-001 |
| USM Number: | 54799-060 |

Gordon E. Schmid
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)    1 _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 641 | Public Money, Property or Records, a Class C felony | | 1 |

The defendant is sentenced as provided in pages 2 through    5    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s) _____

X Count(s)    2 and 3    ☐ is    X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 27, 2005
Date of Imposition of Judgment

Signature of Judge

David D. Dowd, Jr., United States District Judge
Name and Title of Judge

3/8/05
Date

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: _____
Deputy Clerk

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 4—Probation

Judgment—Page ___2___ of ___5___

DEFENDANT:       Robert K. Acheampong
CASE NUMBER:     1:04CR00515-001

## PROBATION

The defendant is hereby sentenced to probation for a term of :

Three (3) Years

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

   future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 4C — Probation

Judgment—Page ___3___ of ___5___

DEFENDANT:        Robert K. Acheampong
CASE NUMBER:      1:04CR00515-00

# SPECIAL CONDITIONS OF SUPERVISION

__X__    The defendant shall provide the probation officer with access to any requested financial information.

__X__    The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer.

__X__    The defendant shall participate in the Home Confinement Program with electronic monitoring for a period of _four_ (4) months, beginning no later than _thirty_ calendar days from sentencing. The defendant is required to remain at residence unless given written permission to be elsewhere. The defendant may leave residence to work, to receive medical treatment and to attend religious services. The defendant shall wear an electronic monitoring device, follow electronic monitoring procedures and submit to random drug/alcohol test as specified by the Probation Officer. The defendant may participate in the Earned Leave Program. The defendant is to pay the cost of the program. Payment is to be made as directed by the Supervising Home Confinement Officer.

__X__    The defendant shall participate in an outpatient mental health treatment program as directed by the Probation Office.

__X__    The defendant shall perform  100   hours of community service as directed by the Probation Officer.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __5__

DEFENDANT:         Robert K. Acheampong
CASE NUMBER:       1:04CR00515-00

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0 | $ 18,675.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Reverend John Salters<br>408 West 30th Street<br>Ashtabula, Ohio 44004 | | $ 1,850.00 | |
| Internal Revenue Service<br>Attn: Lynn tyler<br>5000 Ellin Road<br>SE:W:CAR:SPEC:FO:OA<br>C7-185 NCFB<br>Lanham, MD 20706 | | $16,825.00 | |
| **TOTALS** | $ | $ 18,675.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

| | |
|---|---|
| DEFENDANT:      Robert K. Acheampong | Judgment — Page __5__ of __5__ |
| CASE NUMBER:   1:04CR00515-00 | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    ☐  Lump sum payment of $ ☐_____ due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance      ☐  C,   ☐  D,   ☐   E, or   ☐ F below; or

B    ☐  Payment to begin immediately (may be combined with     ☐ C,     ☐ D, or     ☐ F below); or

C    ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    X  Special instructions regarding the payment of criminal monetary penalties:

**A special assessment of $ 100.00 is due in full immediately as to count(s) I .**

**Restitution in the total amount of $18,675.00 to be paid at a rate of not less than 10% of gross monthly income.**

**PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Limbert, Termed

**U.S. District Court**
**Northern District of Ohio (Cleveland)**
**CRIMINAL DOCKET FOR CASE #: 1:04-cr-00515-DDD-ALL**

Case title: United States of America v. Acheampong

Date Filed: 10/14/2004

Assigned to: Hon. David D. Dowd, Jr

**Defendant**

**Robert K. Acheampong (1)**
*TERMINATED: 03/09/2005*

represented by **Gordon E. Schmid**
Ste. 380
6000 Freedom Square Drive
Independence, OH 44131
216-573-1800
Fax: 440-884-5020
Email: bankruptcy@wowway.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: _____
Deputy Clerk

**Pending Counts**

Theft of Public Money in violation of Title 18, United States Code. Section 641
(1)

**Disposition**

Three (3) years Probation with standard and special conditions; As a condition of Probation defendant serve four (4) months in home confinement with electronic monitoring; $100.00 Special Assessment; $18,675.00 total Restitution.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

False Statements in violation of Title 18, United States Code, Section 1001
(2)

Wire Fraud in violation of Title 18, United States Code, Section 1343
(3)

**Disposition**

Upon Motion of counsel for the government Count 2 is dismissed.

Upon Motion of counsel for the government Count 3 is dismissed.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

**Plaintiff**

**United States of America**

represented by **Thomas J. Gruscinski**
Office of the U.S. Attorney
Northern District of Ohio
801 Superior Avenue, W
Cleveland, OH 44113
216-622-3914
Fax: 216-522-8354

Email: thomas.gruscinski@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/2004 | 🔘1 | Indictment filed by USA as to Robert K. Acheampong (1) count(s) 1, 2, 3. (Attachments: # 1 Designation Form) (B, B) (Entered: 10/15/2004) |
| 10/14/2004 | 🔘2 | Random Assignment of Magistrate Judge George J. Limbert. (B, B) (Entered: 10/15/2004) |
| 10/15/2004 | 🔘3 | Summons issued as to Robert K. Acheampong. Arraignment set for 10/21/2004 at 1:30 p.m. in Courtroom 442 before Hon. David D. Dowd Jr. Summons and indictment faxed to counsel for the government, defendant's attorney and Pre-Trial and copies mailed to defendant and counsel on 10/14/2004.(M, D) (Entered: 10/15/2004) |
| 10/21/2004 | 🔘 | Minutes (non-document) of proceedings before Judge David D. Dowd Jr. Arraignment as to Robert K. Acheampong held on 10/21/2004. Defendant entered a plea of Not Guilty as to Counts 1, 2 and 3; Bond set in the amount of $15,000 Unsecured; Motions to be filed by 11/12/2004; Jury Trial set for 12/13/2004 at 8:30 a.m. and Status Conference set for 11/30/2004 at 12:30 p.m. before Hon. David D. Dowd Jr. Time: 30 Minutes. (Court Reporter Carol Hill) (M. D) (Entered: 10/21/2004) |
| 10/21/2004 | 🔘4 | Appearance Bond Entered as to Robert K. Acheampong in amount of $ 15,000.00 Unsecured. (M, D) (Entered: 10/21/2004) |
| 10/21/2004 | 🔘5 | Order Setting Conditions of Release as to Robert K. Acheampong. Bond in the amount of $15,000.00 Unsecured set. Signed by Judge David D. Dowd Jr. on 10/21/2004. (M, D) (Entered: 10/21/2004) |
| 10/21/2004 | 🔘6 | Trial Order as to Robert K. Acheampong. Motions to be filed by 11/12/2004; Status Conference set for 11/30/2004 at 12:30 p.m.; and Trial set for 12/13/2004 at 8:30 a.m. Signed by Judge David D. Dowd Jr. on 10/21/2004. (M, D) (Entered: 10/21/2004) |
| 11/01/2004 | 🔘7 | Motion by Robert K. Acheampong for permission to travel to Annapolis Maryland on November 6, 7 and 8, 2004. (Attachments: # 1 Affidavit of Robert K. Acheampong# 2 Proposed Order) (P, S) (Entered: 11/01/2004) |
| 11/02/2004 | 🔘 | Order (non-document) granting 7 Motion to travel to Maryland from 11/6/2004 through 11/8/2004 as to Robert K. Acheampong (1). Entered on behalf of Judge David D. Dowd Jr. on 11/2/2004. (M, D) (Entered: 11/02/2004) |
| 12/01/2004 | 🔘8 | Minutes of proceedings before Judge David D. Dowd Jr..Change of Plea Hearing as to Robert K. Acheampong held on 12/1/2004; Sentencing set for 1/27/2005 at 02:00 PM in Courtroom 442 before Hon. David D. Dowd Jr.(Court Reporter Sue Trischan) (S, DJ) (Entered: 12/03/2004) |
| 12/01/2004 | 🔘 | (Amended) Minutes of proceedings (non-document) before Judge David D. Dowd Jr..Plea entered by Robert K. Acheampong (1) Guilty Count 1. Sentencing set for 1/27/2005 at 02:00 PM in Courtroom 442 before Hon. David D. Dowd Jr. (Court Reporter Sue Trischan) (S, DJ) Modified on 12/7/2004 (G, D). (Entered: 12/06/2004) |
| 12/14/2004 | 🔘9 | Order as to Robert K. Acheampong scheduling Sentencing for 1/27/2005 at 2:00 p.m. in Courtroom 442 before Hon. David D. Dowd Jr. Signed by Judge David D. Dowd Jr. on 12/9/2004. (M, D) (Entered: 12/14/2004) |
| 01/13/2005 | 🔘10 | Order as to Robert K. Acheampong in re issues related to sentencing. Briefs to be filed no later than noon on 1/24/2005. Signed by Judge David D. Dowd Jr. on 1/13/2005. (M, D) (Entered: 01/13/2005) |
| 01/24/2005 | 🔘11 | Sentencing Memorandum by United States of America as to Robert K. Acheampong (Gruscinski, Thomas) (Entered: 01/24/2005) |
| 01/26/2005 | 🔘12 | Order as to Robert K. Acheampong re sentencing . Signed by Judge David D. Dowd Jr. on 1/25/2005. (M, D) (Entered: 01/26/2005) |
| 01/27/2005 | 🔘13 | Minutes of proceedings before Judge David D. Dowd Jr. Sentencing held on 1/27/2005 for Robert K. Acheampong. As to Count 1, Three (3) years Probation with standard and special conditions; |

| | | |
|---|---|---|
| | | $100.00 Special Assessment; $18,675.00 total Restitution.; As to Count(s) 2 and 3, Upon Motion of counsel for the government Counts 2 and 3 are dismissed. Time: 30 Minutes. (Court Reporter Rich Delmonico) (M, D) (Entered: 01/31/2005) |
| 01/28/2005 | 14 | Plea Agreement as to Robert K. Acheampong signed by Judge Dowd on 1/27/2005. (M, D) (Entered: 02/02/2005) |
| 02/02/2005 | 15 | Court's Exhibit #1 admitted at sentencing hearing held on 1/27/2005.(M, D) (Entered: 02/02/2005) |
| 02/03/2005 | 16 | Order as to Robert K. Acheampong that unless the Court is notified within 30 days that the defendant has obtained a telephone by which to comply with the Court's sentence, the Court will vacate its original sentence and resentence the defendant. Signed by Judge David D. Dowd Jr. on 2/3/2005. (M, D) (Entered: 02/03/2005) |
| 03/09/2005 | 17 | Judgment as to Robert K. Acheampong (1), As to Count 1, Three (3) years Probation with standard and special conditions; As a condition of Probation defendant serve four (4) months in home confinement with electronic monitoring; $100.00 Special Assessment; $18,675.00 total Restitution.; As to Count(s) 2 and 3, Upon Motion of counsel for the government Count 2 and 3 are dismissed. Signed by Judge David D. Dowd Jr. on 3/8/2005. (M, D) (Entered: 03/09/2005) |